IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerman O. Barton, ) | C/A No.: 1:13-2457-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Jordan Williams, Lieutenant; James ) | |
| Johnson, Sergeant; Michael Marquardt, ) | |
| Sergeant; Wellington Williams, CPL; ) | |
| and Ringold, Ofc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jerman O. Barton, proceeding pro se and in forma pauperis, brings this civil action alleging that the following correctional officers at Lieber Correctional Institution ("LCI") used excessive force against him: Lieutenant Jordan Williams; Sergeant James Johnson; Sergeant Michael Marquardt; Corporal Wellington Williams; and Officer Ringold ("Defendants"). This matter comes before the court on Plaintiff's motion to compel. [Entry #16]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.).

On December 11, 2013, Plaintiff filed a motion to compel alleging that Defendants had not responded to discovery requests he served on October 21, 2013. [Entry #16]. Defendants' response indicated that they served discovery responses on Plaintiff on December 24, 2013, and included the responses to three requests for production to which

they objected. [Entry #21]. Plaintiff's reply argued that he is entitled to the documents sought. [Entry #22]. The undersigned analyzes the requests for production at issue individually.

Request for Production 3: "A copy of any and all record disciplinary hearing tape for the year 2012 on 11-01-12." [Entry #21].

Plaintiff's complaint alleges Defendant used excessive force on November 1, 2012 [Entry #1], but his disciplinary hearing would have been held on a subsequent date. Even if his disciplinary hearing was held on November 1, 2012, Plaintiff does not limit the request to only the tape for his disciplinary hearing. [Entry #22]. Defendants have provided the disciplinary report and hearing record to Plaintiff and Plaintiff has failed to show how the sound recordings are likely to lead to the discovery of admissible evidence. Plaintiff's motion to compel is therefore denied with respect to Request 3.

Request for Production 6: "A copy of any and all offender management system of the disciplinary history of Plaintiff." [Entry #21].

Defendants argue that such request is overly broad and not likely to lead to the discovery of admissible evidence. [Entry #21] Plaintiff disagrees that the request is overly broad, but provides no information showing that his disciplinary history, other than discipline he received as a result of the November 1, 2012 incident, is relevant to this case. [Entry #22]. Plaintiff's motion to compel is denied as to Request 6 because it is not likely to lead to the discovery of admissible evidence.

<u>Request for Production 7</u>: "A copy of any and all Special Management Unit (SMV)(max) key log Report at the Lieber C.D. on November 1, 2012." [Entry #21].

Defendants contend that "providing any documentation to an inmate regarding which prison official possesses keys creates a major safety and security issue." [Entry #21]. Plaintiff argues that the key log report is public information. [Entry #22]. However, Plaintiff has failed to show how such information is likely to lead to the discovery of admissible evidence. Therefore, Plaintiff's motion to compel is denied as to Request 7.

For the foregoing reasons, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

February 17, 2014                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge